94 N.J. Super. 400 (1967)
228 A.2d 696
BARRY ELLIOT, A MINOR BY THERESE ELLIOT, HIS MOTHER AND NEXT FRIEND, ET AL., PETITIONERS-RESPONDENTS,
v.
THE BOARD OF EDUCATION OF THE TOWNSHIP OF NEPTUNE, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1967.
Decided April 10, 1967.
*401 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. William J. O'Hagan, Jr., argued the cause for appellant.
Mr. Joseph N. Dempsey argued the cause for respondents (Messrs. Robert L. Carter and Lewis M. Steel, of the New York Bar, of counsel).
Mr. Stephen G. Weiss, Deputy Attorney General, argued the cause for the Commissioner of Education and the State Board of Education (Mr. Arthur J. Sills, Attorney General, attorney).
PER CURIAM.
The Board of Education of Neptune Township has appealed from a decision of the State Board of Education affirming the decision of the State Commissioner of Education in which he found, on the facts presented, that a de facto racial imbalance clearly existed in the township's elementary school system and therefore directed the local board "to move forward with whatever celerity is needed to insure that an approved plan [to alleviate the imbalance] will be implemented at the beginning of the 1966-67 school year." The State Board concurred in the Commissioner's conclusion that there was no material dispute *402 as to the existence of such a racial imbalance. Accordingly, it directed him to proceed expeditiously with the matter "in accordance with the tenor of his decision" and to enter such orders as would be appropriate in the circumstances. The Commissioner thereupon ordered the Neptune board to submit a plan to him not later than December 15, 1966. No such plan was submitted, then or since.
That a de facto racial imbalance exists in the Neptune elementary school system cannot be denied. The local board's own figures indelibly show this to be so. The nonwhite pupil population in two of the schools is 98% and 99%, the percentage in three others being 1%, 1% and 2%, respectively. Although the board claims that these figures cannot be taken as precisely correct, it has never presented any other figures although it has had more than adequate time to do so.
Racial imbalance indisputably being present in the elementary school system, the Commissioner summarily, and correctly, ordered the Neptune board to present a plan. Cf. Booker v. Board of Education of City of Plainfield, 45 N.J. 161 (1965). The State Board affirmance was entirely proper in the factual setting of the case.
The school board contends that before reaching a decision the Commissioner should have conducted a full hearing to explore the factors mentioned in Booker: safety, convenience, time economy, values inhering in a neighborhood policy, costs, and "other practicalities." The answer to this is that petitioners' motion was directed simply to determining whether de facto segregation existed. On the other hand, the factors relied upon by the board as posing questions of fact relate to an entirely different matter, namely, whether a given integration plan is acceptable. Since the board submitted no plan, that issue was not involved in the proceedings before the Commissioner or the State Board. The Commissioner decided only that when the relevant decisional law is lined up against the mentioned percentages of pupil concentration, it is clear that de facto *403 segregation exists in Neptune's elementary schools. The factors referred to in Booker were irrelevant to such a determination.
We have not overlooked the fact that this appeal is actually one from an interlocutory order and that no leave to appeal was sought. We pass over this procedural deficiency, grant leave to appeal nunc pro tunc, and herewith decide the appeal on the merits in the interest of an expeditious determination.
The local board has too long delayed in presenting a plan for correcting the de facto segregation pattern present in the Neptune elementary schools. It should do so now, in order that it may be reviewed and become operative before the opening of the next school term.
Affirmed.